09-21773.or1

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-21773-CIV-ALTONAGA-BROWN

MARIA CAMACHO DE URDANET, et al.,

    Plaintiffs,

vs.

TERRABANK, N.A.,

    Defendant.

_____/

## ORDER AWARDING SANCTIONS

**This matter** is before this Court as a result of the issuance of an Order Granting Motion to Compel Discovery (D.E. 37) wherein (paragraph 2) plaintiffs were allowed to show good cause, in writing, why sanctions should not be imposed for the necessity of the filing of the motion to compel. Plaintiffs responded (D.E. 42). The Court finds the response without merit and notes that it completely fails to address the issue at hand, and/or evinces a lack of knowledge of the Federal Rules of Civil Procedure.

The first four (4) plus pages of the response extol the merits of plaintiffs' case ... wonderful except that this has nothing, whatsoever, to do with the issue of the necessity of the filing of the motion to compel. Then plaintiffs explain that their failure to respond in a timely matter (sic) "was not intentional" and that defendant "suffered no prejudice".

1

It is never explained just exactly how the failure to respond was not intentional. Nowhere in this response is it suggested that a clerical error was made, that a date was overlooked, that a paper was misplaced, or anything else "unintentional". What is explained is that: (1) the plaintiffs "are two elderly individuals, and a widow"; (2) that they "all live in a remote region of Venezuela"; (3) they "do not have e-mails or faxes"; (4) "the various documents need to be translated into Spanish" and (5) "[C]onditions in Venezuela are not ideal for the rapid transmission of information". The Court has looked far and wide for the special laws of discovery that apply in these instances and has discovered none... and none has been cited by plaintiffs. Conspicuously missing from this motion - and from the Court file - is anything related to why plaintiffs did not attempt to seek some relief from the Court BEFORE the filing of the motion to compel due to these alleged exceptional and extraordinary circumstances.

Secondly, there are two problems with plaintiffs' argument that defendant suffered no prejudice: (1) FRCP 37(a)(5)(A) makes no mention of prejudice as a precursor to an award of sanctions[1]; and (2) even if it did, there is prejudice as a matter of law since defendant incurred fees and costs in the filing of the motion to compel.

In conclusion, viewed in a light most favorable to plaintiffs, there is justification for why it might take longer than normal for them to provide discovery.... which should have been brought to the Court's attention before the filing of said motion so as to avoid the filing of same, but which wasn't even brought to the Court in a response to the motion.

Therefore, and the Court being otherwise fully advised in the premises, it is hereby

---

[1] Here, again, no law is cited by plaintiffs to suggest otherwise.

**ORDERED AND ADJUDGED** as follows:

1. Sanctions are hereby awarded to defendants consisting of the <u>reasonable</u> attorney's fees and costs incurred in the filing of the motion to compel.

2. If the parties cannot agree on the amount of same the Court will resolve same upon proper motion - but if the motion is occasioned by the unreasonable position of either side, that party may incur sanctions, as well.

**DONE AND ORDERED** in Chambers at Miami, Florida, this <u>20th</u> day of April, 2010.

                                                  STEPHEN T. BROWN
                                                  CHIEF UNITED STATES MAGISTRATE JUDGE

cc:    Honorable Cecilia M. Altonaga
        Counsel of record